IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, *et al.*, )
)
          Plaintiffs, )
)    Civil Action No. 1:17cv0493 (LO/JFA)
    v. )
)
VANCOUVER ROOFING & )
SHEET METAL COMPANY, )
)
          Defendant. )
_____)

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") and they seek a default judgment against Vancouver Roofing & Sheet Metal Company ("Vancouver"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

**Procedural Background**

On April 26, 2017, the plaintiffs filed this action alleging that the defendant is obligated to pay them for certain overdue contributions, liquidated damages, interest, late charges, and attorney's fees and costs. (Docket no. 1). A summons and the complaint were served on Lori

1

Brown, an authorized representative of defendant's registered agent, on April 28, 2017. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than May 19, 2017, which is 21 days after service on the defendant.

The defendant failed to file a responsive pleading in a timely manner and on May 22, 2017, the plaintiffs filed their request for entry of default. (Docket no. 5). The Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on May 24, 2017. (Docket no. 6). On June 7, 2017, the plaintiffs filed a motion for default judgment with a supporting brief and declarations from Walter Shaw, Diana M. Bardes, and Lori Wood and a notice of hearing for June 30, 2017 at 10:00 a.m. (Docket nos. 8–10). The motion for default judgment, supporting brief, and notice of hearing were served on the defendant by mail on June 7, 2017. (*Id.*). On June 30, 2017, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant. At the request of the court, plaintiffs filed a supplemental brief in support of their motion for default judgment including declarations from Michelle Woolley and Diana Bardes on July 14, 2017. (Docket no. 12). The supplemental brief was mailed to the defendant on July 14, 2017. (*Id.*).

### Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 8), the brief and declarations filed in support of the motion for default judgment (Docket no. 9), and the supplemental brief and declarations (Docket no. 12).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and

they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶¶ 5–9). The NPF and the ITI are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (Compl. ¶¶ 5–6). NEMIC and SMOHIT are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (Compl. ¶¶ 7–8). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶¶ 5–8).

Vancouver is a Washington state corporation with offices in Vancouver, Washington and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Compl. ¶ 10). Vancouver employs employees represented for the purposes of collective bargaining by the Sheet Metal, Air, Rail, and Transportation Union Local No. 16, which is a labor organization representing employees in an industry affecting interstate commerce ("Local Union No. 16"). (Compl. ¶ 11). Vancouver was a signatory to and bound by a collective bargaining agreement with Local Union No. 16 (the "Labor Contract"). (Compl. ¶ 12). Pursuant to the Labor Contract, Vancouver is obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Compl. ¶ 14).

Under the Labor Contract, Trust Agreements, and applicable law, Vancouver is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after the end of each month during which covered work was performed. (Compl. ¶¶ 13, 17). When an employer fails to make a timely remittance report and contribution payment and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, liquidated

damages equal to 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 18). In addition, the Trust Agreements require an employer to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contribution or $50.00. (Compl. ¶ 19).

In the complaint, the plaintiffs allege that for the months of May 2016 through February 2017 the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to make all the required contributions. (Compl. ¶ 20). Based on the remittance reports prepared and submitted to the plaintiffs by the defendant, the defendant owes contributions in the amount of $156,388.84 for the months of May 2016 through February 2017, along with accrued interest in the amount of $3,781.14, liquidated damages of $25,477.54, and late fees of $9,287.05. (Compl. ¶ 24). Plaintiffs also allege that for the month of February 2017, they estimate, based on previous reports submitted by the defendant, that the defendant owes contributions in the amount of $11,502.82, $24.12 in interest, and $2,300.56 in liquated damages. (Compl. ¶ 25). Taking into account payments credited to the defendant's account in the amount of $29,000.88, plaintiffs claim they are owed a total amount of $179,761.19. (Compl. ¶ 26).

In the motion for default judgment and as modified in the supplemental brief, plaintiffs state that they are owed the amounts as detailed below. (Docket nos. 8, 12). As described in the briefs in support of the motion for default judgment and the declarations of Walter Shaw, Diana Bardes, Lori Wood, and Michelle Woolley, the plaintiffs are seeking an award of the unpaid contributions, interest, liquated damages, and late fees for contributions that were due

from May 2016 through February 2017. The plaintiffs are also seeking an award of their attorney's fees and costs incurred in bringing this action.[1]

| Plaintiff | Contributions | Interest through 3/29/2017 | Liquidated Damages | Late Fees | Costs and Attorney's Fees[2] | Total |
|---|---|---|---|---|---|---|
| NPF | $128,757.08 | $3,534.75 | $25,726.19 | $8,655.85 | $4,495.00 | $171,168.87 |
| ITI | $7,153.08 | $190.57 | $1,430.62 | $438.25 | $0.00 | $9,212.52 |
| NEMIC | $1,788.36 | $47.97 | $357.67 | $115.77 | $0.00 | $2,309.77 |
| SMOHIT | $1,192.26 | $31.97 | $238.46 | $77.18 | $0.00 | $1,539.87 |
| **Total** | $138,890.78 | $3,805.26 | $27,752.94 | $9,287.05 | $4,495.00 | $184,231.03 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts

---

[1] There is a difference in the amounts sought in the motion for default judgment and the complaint because in the complaint the interest is calculated only up to the filing of the complaint and the motion for default judgment contains an itemization of the attorney's fees and costs sought. In addition, as explained in the supplemental brief, the plaintiffs have revised the amount sought to reflect their practice of not charging both liquated damages and late fees for the same contribution month.

[2] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

5

alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶¶ 5–8). On April 28, 2017, the summons and complaint were served on the defendant's registered agent. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant since the respective funds

6

are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## Grounds for Entry of Default

The registered agent for the defendant was served with the summons and complaint on April 28, 2017. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than May 19, which is 21 days after the summons and complaint were served. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on May 22, 2017. (Docket no. 5). The Clerk of Court entered a default on May 24, 2017. (Docket no. 6).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

## Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

7

As set forth in the complaint, Vancouver failed to submit in a timely manner all contributions owed to the funds for the period May 2016 through February 2017. (Compl. ¶ 20). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Walter Shaw ("Shaw Decl.") and a declaration from Michelle Woolley ("Woolley Decl."). (Docket nos. 9-1, 12-1). Mr. Shaw is the Billing Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the plaintiffs. (Shaw Decl. ¶ 1). Ms. Woolley is Senior Counsel for the NPF and she has access to and reviews the plaintiffs' records to assist in determining employers obligations to the plaintiffs. (Woolley Decl. ¶ 2). The information contained in the Shaw declaration, as clarified and revised in the Woolley declaration, establishes that Vancouver failed to pay the plaintiffs in a timely manner

the monthly contributions for May and June 2016, failed to pay the entire amount of the contributions owed for the months of July and August 2016, and failed to pay the contributions owed to the plaintiffs for the months of September 2016 through February 2017. Defendant owes the plaintiffs the unpaid contributions for the months July 2016 through February 2017, interest from the date the payments were due until March 29, 2017, liquidated damages calculated at 20% of the unpaid amount, and late fees for contributions paid in an untimely manner during the months of May 2016 through August 2016 in the following amounts:

| *Plaintiff* | *Contributions* | *Interest through 3/29/2017* | *Liquidated Damages* | *Late Fees* | *Costs and Attorney's Fees* | *Total* |
|---|---|---|---|---|---|---|
| NPF | $128,757.08 | $3,534.75 | $25,726.19 | $8,655.85 | $4,495.00 | $171,168.87 |
| ITI | $7,153.08 | $190.57 | $1,430.62 | $438.25 | $0.00 | $9,212.52 |
| NEMIC | $1,788.36 | $47.97 | $357.67 | $115.77 | $0.00 | $2,309.77 |
| SMOHIT | $1,192.26 | $31.97 | $238.46 | $77.18 | $0.00 | $1,539.87 |
| Total | $138,890.78 | $3,805.26 | $27,752.94 | $9,287.05 | $4,495.00 | $184,231.03 |

The plaintiffs submitted a declaration from Diana Bardes detailing the attorney's fees and costs incurred in this action. (Docket no. 12-2) ("Bardes Decl."). The total amount of the attorney's fees and costs requested is $4,495.00. (Bardes Decl. ¶ 5). The attorney's fees request is comprised of 17.6 hours of attorney time. (*Id.*). The amount of costs was $535.00, which is comprised of $400.00 for the filing fee and $135.00 process server fee. (*Id.*). The hourly rate charged for the attorney time was $295.00 for partners, $250.00 for associates, and $150 for paralegals. (*Id.*). The undersigned magistrate judge has reviewed the supplemental declaration of Ms. Bardes and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable. After reviewing the individual time entries, the court

9

recommends a finding that the total amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable. The amount of attorney's fees and costs sought in this matter are consistent with the amounts sought in many previous, similar cases brought in this court.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against Vancouver Roofing & Sheet Metal Company as shown in the above chart. For that reason, the undersigned recommends a total judgment be entered against Vancouver Roofing & Sheet Metal Company in the amount of **$184,231.03**, which includes unpaid contributions of $138,890.78, interest of $3,805.26, liquidated damages of $27,752.94, late fees of $9,287.05, and attorney's fees and costs of $4,495.00.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Vancouver Roofing & Sheet Metal Company, 217 X Street, Vancouver, Washington, 98661 and New Legacy Law Center PS, Registered Agent for Vancouver Roofing, 1351 Officers Row, Vancouver, Washington, 98661, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 24th day of July, 2017.

/s/ JFA
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia